# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  October 25, 2017

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
CARMEN JAMES, on behalf of her      *      No. 15-1576V
minor child, A.J.,                  *
                                    *
          Petitioner,               *      Special Master Sanders
                                    *
v.                                  *
                                    *      Dismissal; Insufficient Proof; Influenza
SECRETARY OF HEALTH                 *      ("flu") Vaccine; Seizures; Anti-N-methyl-D-
AND HUMAN SERVICES,                 *      aspartate ("Anti-NMDAR") Receptor
                                    *      Encephalitis.
          Respondent.               *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On December 28, 2015, Carmen James ("Petitioner") filed a petition on behalf of her minor child, A.J., for compensation under the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioner alleged that A.J. suffered from a severe adverse reaction, including seizures and Anti-N-methyl-D-aspartate ("Anti-NMDAR") receptor encephalitis, as a result of an influenza ("flu") vaccine administered on November 13, 2014. Pet., ECF No. 1; Resp't's Rep, ECF No. 3.  The information in the record, however, does not show entitlement to an award under the Act.

On October 20, 2017, Petitioner moved for a decision dismissing her claim.  Mot. Dec., ECF No. 40.  In Petitioner's Motion, she indicates that she desires to forego the presentation of evidence at an entitlement hearing that would support a claim for compensation.  *Id.*  Instead, Petitioner requests for her claim to be dismissed so that she can pursue civil litigation against

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

third parties who may have caused or contributed to A.J.'s injures.  *Id.*  Petitioner has acknowledged and is fully aware that a dismissal and the resulting judgment will terminate any and all rights she may have in the Vaccine Injury Compensation Program.  *Id.*  Petitioner filed this motion without opposition from Respondent.  Informal Comm., dated Oct. 24, 2017.  Thus, this matter is now ripe for decision.

To receive compensation under the Program, Petitioner must prove either 1) that A.J. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to A.J.'s vaccination, or 2) that A.J. suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A), 11(c)(1).  An examination of the record does not uncover any evidence that A.J. suffered a "Table Injury."  Further, the record does not contain sufficient evidence that A.J.'s alleged injuries were caused or significantly aggravated by his flu vaccination.

Under the Act, petitioners may not be given a Program award based solely on their claims alone.  Rather, the petition must be supported by medical records or the opinion of a competent physician.  § 13(a)(1).  In this case, the medical records alone are insufficient to prove Petitioner's claim, and Petitioner concedes that the expert report filed, absent testimony, does not establish causation.  Therefore, this case must be **dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master